ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 25 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED PARCEL SERVICE, INC, <br> Plaintiff, <br> v. <br><br> ARRIVALSTAR S.A., MELVINO <br> TECHNOLOGIES LIMITED, and <br> MELVINO <br> TECHNOLOGIES, INC. <br> Defendants. | Civil Action No. **-JEC** <br> 07 ----- <br> **1:07-CV-1206** |

## COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY

Plaintiff United Parcel Service, Inc. ("UPS") files this Complaint for Declaratory Judgment for Patent Noninfringement and Invalidity against Defendants ArrivalStar s.a., Melvino Technologies Limited, and Melvino Technologies, Inc. (hereinafter collectively referred to as "ArrivalStar") and in support of its Complaint alleges:

### Nature and Basis of Action

1.

This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*.

-- 1 --

2.

UPS seeks declarations that: (i) it does not infringe any valid claim of U.S. Patent No. 6,904,359 ("the '359 patent"), which issued on June 7, 2005; U.S. Patent No. 6,748,318 ("the '318 patent"), which issued on June 8, 2004; and U.S. Patent No. 6,748,320 ("the '320 patent") which issued on June 8, 2004, and (ii) each of the claims of the '359, '318, and '320 patents are invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112. A true and correct copy of each of the '359, '318, and '320 patents are attached hereto as Exhibits A, B, and C.

## The Parties

3.

UPS is incorporated under the laws of Delaware and has its principal place of business at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328.

4.

Upon information and belief, ArrivalStar s.a. is incorporated under the laws of Luxembourg, having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

5.

Upon information and belief, Melvino Technologies Limited is incorporated under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

6.

Upon information and belief, Melvino Technologies, Inc. is incorporated under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

## Jurisdiction and Venue

7.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202 based on federal question jurisdiction.

8.

This Court has personal jurisdiction over the defendants pursuant to the laws of the State of Georgia, including the Georgia long-arm statute, OCGA § 9-10-91. In particular, ArrivalStar has availed itself to the court

-3-

system of this district in the past on two of the three patents at issue in this Complaint.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## UPS and Its Business Operations

10.

UPS is the world-wide leader in package delivery and logistics services.

11.

UPS is headquartered in Atlanta, Georgia. UPS employs over ten thousand employees in Atlanta and the surrounding cities and counties who provide delivery services, which include, among other things, the customer support systems ArrivalStar has accused, in other litigation, of infringing the '359, '318, and '320 patents.

## Facts Giving Rise to This Action

12.

Upon information and belief, and based on pleadings in a number of district courts, ArrivalStar s.a. and Melvino Technologies Limited claim to

-- 4 --

own all right, title and interest in the '359, '318, and '320 patents, purportedly covering an alert notification system.

13.

On March 29, 2007, ArrivalStar s.a. and Melvino Technologies Limited filed a complaint against UPS in the United States District Court for the Western District of Pennsylvania (the "Pittsburgh Complaint"), accusing UPS's Quantum View Notify system of infringing the '359, '318 and '320 patents. The Pittsburgh Complaint also alleges that UPS infringes the '359, '318, and '320 patents by knowingly and actively inducing others to infringe, and by contributing to the infringement of others. As a result of the Pittsburgh Complaint there is an actual, ripe and justiciable controversy between Plaintiffs and UPS about the invalidity and/or non-infringement by UPS of the '359, '318 and '320 patents. A true and correct copy of the Pittsburgh Complaint is attached hereto as Exhibit D.

14.

The Pittsburgh Complaint is deficient in that, unlike the instant complaint, it fails to include a necessary party -- Melvino Technologies, Inc.

-- 5 --

15.

UPS continues to operate systems within this judicial district and elsewhere that ArrivalStar has accused of infringing the '359, '318, and '320 patents.

## COUNT I

### Declaration of Non-Infringement

16.

UPS reincorporates and realleges the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

17.

ArrivalStar has asserted that certain systems that UPS makes, sells and/or offers to sell in the United States infringe the '359, '318 and '320 patents.

18.

UPS does not infringe any valid claim of the '359, '318 and '320 patents.

19.

Based on ArrivalStar's pending Pittsburgh Complaint, UPS has a cloud over its business with respect to the '359, '318, and '320 patents.

Therefore, an actual case or controversy exists as to whether UPS infringes any valid claim of the '359, '318, and '320 patents, entitling UPS to a declaration that it does not infringe any valid claim of the '359, '318 or '320 patents.

## COUNT II

### Declaration of Invalidity
### Under 35 U.S.C. §§ 102, 103

20.

UPS reincorporates and realleges the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

21.

The '359, '318, and '320 patents are invalid under one or more section's of the United States Patent Act, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.

Based on ArrivalStar's pending Pittsburgh Complaint, UPS has a cloud over its business with respect to the '359, '318, and '320 patents. Therefore, an actual case or controversy exists as to the validity of the '359, '318, and '320 patents, entitling UPS to a declaration that the '359, '318 and '320 patents are invalid.

-- 7 --

## Jury Demand

UPS demands a jury trial on all issues triable before a jury.

## Request for Relief

WHEREFORE, UPS respectfully request that the Court enter judgment:

A. That UPS does not infringe any valid claim of U.S. Patent No. 6,904,359; U.S. Patent No. 6,748,318; and/or U.S. Patent No. 6,748,320;

B. That the claims of U.S. Patent No. 6,904,359; U.S. Patent No. 6,748,318; and U.S. Patent No. 6,748,320 are invalid;

C. That this case is exceptional and awarding UPS its attorneys' fees and costs incurred in this action, pursuant to 35 U.S.C. § 285; and

D. Granting UPS such additional relief as the Court may deem just and proper.

LEGAL01/13048568v2

Respectfully submitted, this 25th day of May, 2007.

Patrick J. Flinn
Georgia Bar No. 264540
David M. Maxwell
Georgia Bar No. 478715
George D. Medlock, Jr.
Georgia Bar No. 500770
Wesley C. Achey
Georgia Bar No. 141284

ALSTON & BIRD, LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Fax: (404) 881-7777

Attorneys for Declaratory
Judgment Plaintiff United
Parcel Service, Inc.